IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NAPOLEON T. ANNAN-YARTEY, SR.,<br><br>Plaintiff,<br><br>vs.<br><br>DTRIC INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO. 13-00391 DKW-BMK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBIT AND GRANTING DEFENDANT'S MOTION TO DISMISS** |

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBIT AND GRANTING DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Before the Court is Defendant DTRIC Insurance Company's ("DTRIC") Motion to Dismiss Plaintiff pro se Napoleon Annan-Yartey's First Amended Complaint ("Motion" or "Motion to Dismiss") (Dkt. No. 19), and Plaintiff's Motion to Strike (Dkt. No. 28) an exhibit that DTRIC offered in support of the Motion.  Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.  After careful consideration of the relevant legal authority, the Court hereby GRANTS the Motion to Strike.  The Court has not

considered, and will not consider, the stricken exhibit in evaluating DTRIC's Motion to Dismiss.  In addition, after careful consideration of the supporting and opposing memoranda, and the relevant legal authority, and notwithstanding its ruling on the Motion to Strike, the Court GRANTS the Motion to Dismiss, and DISMISSES Plaintiff's First Amended Complaint ("FAC") (Dkt. No. 17) without leave to amend.

## BACKGROUND

Plaintiff alleges his involvement in an automobile accident with Ms. Juvita Fong, DTRIC's insured, on December 31, 2012.  FAC at 2-3.  According to Plaintiff, Ms. Fong promised that DTRIC would compensate him for the injuries that he apparently sustained from the accident, but DTRIC has thus far failed to do so. *Id*. at 3-4.  As a result, Plaintiff filed suit against DTRIC in Hawai'i state court seeking such injury compensation.  *Id*. at 4.

Plaintiff attributes DTRIC's denials of his claims to race discrimination and his status as a "Blackman."  Plaintiff claims that DTRIC "violated [his] rights to be treated equally to that of similarly situated injured whites and Japanese" by "denying plaintiff Auto Accident Injury Compensation on the basis of race . . . [and] denying Plaintiff equal terms and conditions of compensation."  *Id*. at 5-6.

2

Plaintiff further asserts that "Defendant's policies and practices for determining compensation . . . have a disparate impact on African-American auto accident Insurance claimants," presumably including himself.  *Id.* at 7.

Plaintiff bases his claims against DTRIC solely on 42 U.S.C. §1981.

## DISCUSSION

Plaintiff is proceeding pro se, and, therefore, the Court liberally construes his pleadings.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).  The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Nevertheless, the Court may dismiss a pro se complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), even on its own motion.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal* , 555 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (*citing Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. (citing Twombly*, 550 U.S. at 556).

Upon review of the First Amended Complaint, even assuming the truth of the facts alleged, it is clear that Plaintiff fails to state a claim.  Title 42, Section 1981, provides in full:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

4

  (b) "Make and enforce contracts" defined

    For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

  (c) Protection against impairment

    The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

To state a discrimination claim under Section 1981, Plaintiff must allege discrimination in the course of one or more of the activities enumerated by the statute. *See* Section 1981(a)(" to make and enforce contracts, to sue, be parties, give evidence . . ."). He has not done this, nor can he. Plaintiff is a "third-party claimant asserting a tort claim against DTRIC's insured, Ms. Fong." Mot. at 4. He does not have an employment or contractual relationship with DTRIC, and there is no allegation, evidence or even suggestion that he has attempted to enter into one. *See Surrell v. California Water Service Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) (Section 1981 prohibits employment discrimination); *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2005) (Section 1981 prohibits discrimination in the contracting process). Nor has Plaintiff offered any authority extending Section

1981 liability to the circumstances presented here.  Indeed, the only such authority cited by either party, or found by the Court, is to the contrary.  *See Dorsey v. Froonjian*, 2011 WL 1466273 (M.D. Fla. Mar. 25, 2011), *report and recommendation adopted by*, 2011 WL 1465459 (M.D. Fla. Apr. 18, 2011) (pro se plaintiff fails to state a Section 1981 discrimination claim against insurer of driver responsible for plaintiff's accident).  There is simply no basis for pursuing a Section 1981 claim under the factual scenario set forth here, and the Court therefore dismisses Plaintiff's First Amended Complaint with prejudice and without leave to amend.[1]  *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal of pro se complaint without leave to amend is proper where it is clear that the deficiencies of the complaint cannot be cured).

## **CONCLUSION**

On the basis of the foregoing, the Court GRANTS Plaintiff's Motion to Strike.  Notwithstanding this determination and its consequences, the Court also

---

[1] As part of its Reply in support of the Motion, DTRIC offers an October 2005 order from the state court (Dkt. No. 26), declaring Plaintiff to be a vexatious litigant under Hawaiʻi law.  Because the Court views this order as irrelevant to whether Plaintiff has stated a Section 1981 claim, the Court grants Plaintiff's motion to strike the order from the record.  The Court has not considered the order as part of its evaluation of Plaintiff's Section 1981 claim.

GRANTS Defendant's Motion to Dismiss the First Amended Complaint with prejudice. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: January 16, 2014, at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

---
Napoleon T. Annan-Yartey, Sr. v. DTRIC Insurance Co., CV 13-00391 DKW-BMK; ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBIT AND GRANTING DEFENDANT'S MOTION TO DISMISS